**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**James Henry BROWN, Respondent.**

**No. 1999–SC–1043–KB.**

Supreme Court of Kentucky.

April 20, 2000.

## OPINION AND ORDER

The respondent, Brown, represented a client in an appeal to the Kentucky Court of Appeals from a decision of the Jefferson Circuit Court. The Court of Appeals dismissed the appeal because of the substantial deficiencies contained in Brown's one and one-half page brief. While the style of the brief substantially conformed with the Kentucky Rules of Civil Procedure, the rest of the brief read:

### INTRODUCTION

This is a second appeal in that the Appellee wasted the subject matter of the first appeal[handwritten line]prior to this Court's opinion.

### FACTS

All references are to Video Tape Number 95–046. Appellee stated that the house had been torn down (1606). Appellant stated that the house was torn down on May 13, 1994, and that the Court of Appeals did not affirm the trial judgment until October 28, 1994. (1613) Appellant asked the trial court if an appeal stops everything. (1608) Trial judge stated that since the appeal went against the Appellant then no harm no foul. (1617) Appellant stated that a lien of $4800.00 has been placed against the property and this his redemption rights has been destroyed. (1610) The City of Louisville even stated by affidavit that a diligence search had been made for the owner of the property in question. (1611) Appellant stated that the real estate and improvements were tax ed at $10,000. (1615)

Appellee stated that the City would put the property on the docket and *let the City buy it.* (Emphasis added) (1619) The Court stated that it did not feel that the City acted maliciously or fraudulently (1621) and was not going to reopen the case. (1619) Trial Court stated that the Supreme Court deny revi[handwritten "e"]w April 13, 1994. (1619)

### LAW

Section 13 of the Kentucky Constitution requires compensation for private property taken for public use. (1615) Furthermore Section two of the Kentucky Constitution prohibits injustices such as supra.

### CONCLUSION

There is nothing in the record to show that the Appellant's property was destroyed because of emergency reasons and no order from the trial court permitting same, therefore Appellee has violated the laws of the land.

/s/ James Henry Brown

In an order which described a portion of the brief as "virtually incomprehensible," the Court of Appeals dismissed the appeal and found that Brown's pleading failed to meet the basic requirements of CR 76.12(4)(c)(i), (iii), (iv) and (v) because it failed to contain a brief introduction, failed to include a statement of the case consisting of the chronological summary of facts and procedural events with ample reference to the record, failed to contain an argument with supporting references to the record and citations of authority and failed to contain a conclusion setting forth the specific relief sought from the court.

When Brown's brief was brought to the attention of the Inquiry Tribunal, it investigated the matter and issued a one-count Charge alleging that Brown violated SCR 3.130–1.1 when he filed the deficient brief:

### COUNT I

1. Respondent represented [his client] in an appeal to the Court of Appeals of Kentucky from a decision of the Jefferson Circuit Court, the said appeal being identified as Court of Appeals Case No. 95–CA–001904–MR.

2. On or about December 6, 1996, the Court of Appeals entered an Opinion and Order dismissing the appeal because the brief submitted by the Respondent failed to comply with the basic requirements of CR 76.12.

3. SCR 3.130–1.1 states as follows:

A lawyer must provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

4. The Inquiry Tribunal charges that the Respondent violated SCR 3.130–1.1 when the Respondent filed the aforesaid brief with the Court of Appeals of Kentucky, for all of the reasons set forth in [the Opinion and Order of the Court of Appeals which dismissed the action]

Brown responded to the Charge by asserting that his client had lost interest in the case before Brown filed the appeal and that, in any event, the client was satisfied with the representation he received. Brown also maintained that the Court of Appeals elevated "form over substance," alleged that the proper course of action might have been to seek "a mandamous [sic] from the Court of Appeals," and cited to authority interpreting RCr 11.42 to support his premise that "where the lawyer's client does not claim foul," disciplinary action is inappropriate.

At an evidentiary hearing on April 20, 1999, the Kentucky Bar Association introduced both a copy of Brown's pleading and Brown's testimony that he believed the claim involved in this appeal to be meritorious, that he believed his brief was adequate and substantially complied with the requirements of CR 76, and that the Court of Appeals adopted an overly technical view of pleadings which amounted to "We don't care if you've got the best case in the world, if you didn't dot all of your i's and cross all of your t's...." Brown not only testified on his own behalf and introduced the testimony of his client regarding the client's opinion of Brown's efforts on his behalf, but also questioned three members of the Kentucky Judiciary whom he had subpoenaed before the Trial Commissioner. Brown focused much of his examination of these witnesses on the merits of actions which he had previously litigated before them, and the Trial Commissioner appropriately found that Brown's examination of the three judges "failed to produce any evidence that is relevant, material, and admissible in this proceeding." The Trial Commissioner found that "the Court's decision to strike the brief and dismiss the appeal was a foreseeable result of these serious deficiencies," and concluded that Brown had failed to provide competent representation to his client, and was therefore guilty as charged.

The Board of Governors agreed with the Trial Commissioner and recommended that Brown receive a suspension of sixty (60) days. Brown now petitions this Court to Review the KBA's recommendation and argues (1) that he provided competent representation to his client; and (2) that he has been found to be honest and trustworthy by his peers. Brown "does admit that the Court of Appeals would have been better served if he had styled his brief as a 'Writ of Mandamous [sic].'"

Brown cites his client's testimony from the evidentiary hearing before the Trial Commissioner to support his argument that he provided the client competent representation and specifically references the client's declaration that he would retain Brown in the future if he needed legal services performed on his behalf. In the face of such a grossly inadequate pleading, however, we find this testimony unpersuasive, and a close review of the record suggests to us that, after KBA counsel's cross-examination fully explained to the client why the Court of Appeals dismissed his case, this client would think twice before again seeking legal assistance from Brown. The fact remains that Brown filed a pleading in the Court of Appeals which the KBA correctly describes as "a little more than fifteen unclear and ungrammat-

ical sentences, slapped together as two pages of unedited text with an unintelligible message." This "brief" would compare unfavorably with the majority of the handwritten pro se pleadings prepared by laypersons which this Court reviews on a daily basis. Despite the pleading's patent inadequacies, Brown continues to maintain that he prepared it in substantial compliance with the Civil Rules and in the course of competently representing his client.

We are mystified by Brown's conclusion that "the Court of Appeals would have been better served if he had styled his brief as a 'Writ of Mandamous [sic],'" and believe Brown's statement further demonstrates his unfamiliarity with the Rules of Civil Procedure.

Brown's contention that his peers consider him honest and trustworthy merely highlights his continued inability to grasp the concept of relevance which he demonstrated during the evidentiary hearing before the Trial Commissioner. As a preliminary matter, however, this Court must note that the equivocal testimony Brown cites to support his honesty comes from witnesses subpoenaed by Brown to testify in an unrelated evidentiary hearing before another Trial Commissioner in a disciplinary proceeding which is not a part of the record of this matter. Even if this testimony were properly before us, however, this Court believes it would be completely irrelevant. It appears that Brown may be trustworthy and honest, but we are convinced that he violated SCR 3.130–1.1 by failing to provide competent representation to this client.

WHEREFORE, IT IS ORDERED that the respondent be, and he is, hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of sixty (60) days.

We further order the respondent to pay the costs of this action in the amount of $1,090.95, for which execution may issue.

This order shall constitute a public record.

All concur.

JOHNSTONE, J., not sitting.

Entered: April 20, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE